known and reasonable company rule. Sections 288.030(23) and 288.050.2 RSMo. (2000).

Norman argues that her conduct, including talking on her mobile phone during work while ignoring customers, did not constitute misconduct under the statute. She additionally argues that the Commission made decisions based on inadmissible hearsay and thus the decision was not based on competent and substantial evidence.

We have thoroughly reviewed the record and the briefs of the parties, and we find that the Commission's order was supported by competent and substantial evidence on the whole record. We believe that an opinion would have no precedential value. The parties have been given a memorandum, for their information only, setting forth the reasons for this order. The judgment is affirmed pursuant to Rule 84.16(b).

AFFIRMED.

S. Kristina Starke, St. Louis, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Richard A. Starnes, Assistant Attorney General, Jefferson City, MO, for Respondent.

Before ROY L. RICHTER, P.J., CLIFFORD H. AHRENS, J., and GLENN A. NORTON, J.

## ORDER

PER CURIAM.

Anthony G. Moore appeals the judgment entered after a jury found him guilty of burglary, stealing, resisting arrest, three counts of attempted rape, and three counts of forcible sodomy. We have reviewed the briefs of the parties and the record on appeal and find no error of law. No jurisprudential purpose would be served by a written opinion. However, the parties have been furnished with a memorandum for their information only, setting forth the facts and reasons for this order.

The judgment is affirmed pursuant to Rule 30.25(b).

**STATE of Missouri, Respondent,**

v.

**Anthony G. MOORE, Appellant.**

**No. ED 88973.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 18, 2007.

**Devaron HARVELL, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 89588.**

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 18, 2007.